**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY DISTRICT**
**NORTHERN DIVISION AT COVINGTON**

| | | |
|---|---|---|
| MATTHEW MACH | : | Case No. |
|     c/o Christopher Wiest, Esq | | |
|     50 E. Rivercenter Blvd, Ste. 1280 | : | |
|     Covington, KY 41011 | | |
| | : | |
| Plaintiff | | |
| | : | |
| v. | | |
| | : | |
| HON. MERRICK GARLAND | | |
| 950 Pennsylvania Avenue NW | : | |
| Washington DC 20530 | | |
| | : | |
| AND | | |
| | : | |
| HON. CHRISTOPHER WRAY | | |
| 935 Pennsylvania Avenue, NW | : | |
| Washington, D.C. 20535-0001 | | |
| | : | |
| AND | | |
| | : | |
| HON. STEVEN DETTELBACH | | |
| 99 New York Avenue, NE | : | |
| Washington, DC 20226 | | |
| | : | |
| AND | | |
| | : | |
| United States of America | | |
| c/o U.S. Attorney General and | : | |
| US Attorney's Office, KYED | | |
| | : | |
|     Defendants | | |

**PLAINTIFFS VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND**
**ANCILLARY RELIEF**

1. Plaintiff is a resident of Florence, Kentucky.

2. Defendant Merrick Garland is the United States Attorney General. He is sued in his official

   capacity, and is charged with, among other things, ensuring and overseeing that accurate

1

information is contained in the National Instant Criminal Background Check System ("NICS") pursuant to 34 U.S. Code § 40901(g), and generally oversees the prosecution of firearm offenses in the United States.

3. Defendant Christopher Wray is the current Director of the Federal Bureau of Investigations.  He is sued in his official capacity only, and is the federal official responsible and charged with the day to day enforcement and administration of the NICS, which is at issue herein.  *See* 28 C.F.R. 25.1, et. seq.

4. Defendant Christopher Wray is the current Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), which is charged under federal law and regulation with enforcement of firearm laws and regulations.

5. Defendant the United States of America, is the sovereign, and, as explained herein, is sued pursuant to United States Code for the relief sought herein.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction over the claims and causes of action asserted by Plaintiffs in this action is conferred on this Court pursuant to 5 U.S.C. § 552a(g)(1), 18 U.S.C. § 925A and 28 CFR 25.10(f), 28 U.S.C. §1331, 5 U.S.C. 702, et. seq., 28 U.S.C. §§ 2201 and 2202, and other applicable law.

7. Venue in this District and division is proper pursuant to 18 U.S. Code § 925A, 28 U.S.C. §1391(e)(1)(C), and other applicable law.

## FACTS

### Plaintiff's Voluntary Mental Health Treatment, 2017

8. In mid-2017, Plaintiff Matthew Mach tragically, suddenly, and unexpectedly lost his grandfather, who was instrumental in Plaintiff's upbringing.

2

9.  This sudden loss had a severe impact on Plaintiff, and led to a decline of Plaintiff's mental and emotional health.

10. On or about July 2017, Plaintiff Matthew Mach voluntarily checked himself in to St. Mary's Medical Center, located at 2900 1st Ave., Huntington, West Virginia 25702, out of concern for himself, his mental state at the time, and an abundance of caution for his mental and emotional health included his use of alcohol to cope with the loss.

11. Plaintiff was then voluntarily transferred to Highlands Hospital, located at 300 56th St. SE, Charleston, WV 25304 to receive mental health treatment.

12. Plaintiff received mental health treatment for about a week.

13. For the avoidance of all doubt, Plaintiff voluntarily sought mental health care and was never committed to a mental institution as a matter of federal law.   27 CFR 478.11 ("['Committed to a mental institution'] does not include a person in a mental institution for observation or a voluntary admission to a mental institution."); 18 U.S.C. 922(g)(4) (applying a prohibitor to someone "(4)who has been *adjudicated* as a mental defective or who has been *committed* to a mental institution;").[1]

14. About a week after Plaintiff sought mental healthcare, in either late July or early August 2017, Plaintiff was discharged from Highlands Hospital with a clean bill of health, with the crisis averted.  Since leaving Highlands Hospital, has not had a mental health crisis and has a clean bill of health, but continued to seek therapy as needed through the end of 2017.

15. Plaintiff has had no need for further mental health treatment since, and since 2017, has no mental health issues, and since 2019 has given up the use of alcohol in his life.

---

[1] *Tyler v. Hillsdale Cnty. Sheriff's Dep't*, 837 F.3d 678, 681-682 (6th Cir. 2016) (en banc) makes clear that the prohibitor only applies to those "who are involuntarily committed by an appropriate judicial authority following due process safeguards"

<u>Plaintiff's firearm matters</u>

16. On or about January 26, 2024, the Plaintiff attempted to purchase a firearm, and had his background checked via the National Instant Criminal Background Check System ("NICS").

17. NICS returned a "denial," preventing Plaintiff from purchasing a firearm.

18. On or about January 26, 2024, Plaintiff received information from his FFL on the process to appeal his denial.  NICS Denial Information, **Exhibit A**.

19. Plaintiff wishes to purchase a firearm at present, and, but for the NICS denial, which remains of record with the FBI, would purchase a firearm and then keep and bear that firearm for purposes of home and self-defense.

20. On or about January 31, 2024, Plaintiff took action to discern the reasoning for the determination of the denial and appeal the denial, and submitted a Request for or Challenge the Reason(s) for Firearm-Related Denial, and provided the NICS Transaction Number (NTN), making clear that this was a denial of a firearm purchase, not a denial of a concealed carry weapon. *See, also*, 28 C.F.R. Part 25.9-10 and 34 U.S. Code § 40901(g).

21. On February 1, 2024, the Attorney General, acting through the U.S. Department of Justice, and in violation of 34 U.S. Code § 40901(g), responded to Plaintiff's Request for or Challenge the Reason(s) for Firearm-Related Denial, indicating "the FBI's Criminal Justice Information Services Division does not provide the reason(s) for delays/denials or process challenges regarding permits issued by state or local agencies that use the National Instant Criminal Background Check System (NICS) for firearm-related permit purposes." See First Response, **Exhibit B**.

4

22. For the avoidance of all doubt, Plaintiff did not apply for a permit, but rather attempted to purchase a firearm, and the NICS system for his background check for the firearm purchase.

23. On or about June 6, 2024, Plaintiff, in an attempt to correct the Department of Justice's record, once again once again took action to appeal the denial, and submitted another Request for or Challenge the Reason(s) for Firearm-Related Denial, and provided the NICS Transaction Number (NTN), making clear that this was a denial of a firearm purchase, not a denial of a concealed carry weapon and sought to have his records corrected under 5 § U.S.C. 552a. *See, also*, 28 C.F.R. Part 25.9-10 and 34 U.S. Code § 40901(g).

24. On June 7, 2024, the Attorney General, acting through the U.S. Department of Justice, and in violation of 34 U.S. Code § 40901(g), responded to Plaintiff's Request for or Challenge the Reason(s) for Firearm-Related Denial, indicating "Please be advised that the NTN and/or STN you provided is/are not valid, or has been purged due to exceeding our retention requirement of 88 days." See Second Response, **Exhibit C**.

25. The Attorney General, acting through the U.S. Department of Justice, purged the record of Plaintiff's denial after 88 days had passed after denial and refused to correct his erroneous record.

26. As a consequence of this process, and upon information and belief, a state or local government entity and/or the Federal Bureau of Investigations likely have entered information into NICS and other database(s), incorrectly reflecting that Plaintiff is not qualified to possess or purchase a firearm.

27. Plaintiff intends to possess firearms, but fears prosecution from the Defendants in this action, including for the erroneous records that he seeks correction of, necessitating this action.

28. However, as of the filing of this Complaint, due to the misfeasance and malfeasance of the Defendants, multiple records within the state law enforcement systems and NICS remain erroneous and false.

29. For the avoidance of all doubt, Plaintiff suffers no disqualification under 18 U.S.C. § 922(g) or (n).

## CLAIMS FOR RELIEF

### COUNT I – Illegal Firearm Denial (18 USC 925A; 28 CFR 25.10)

30. Plaintiff reincorporates the foregoing paragraphs as if fully written herein.

31. Upon information and belief, Plaintiff was denied a firearm on January 26, 2024, pursuant to 18 U.S.C. 922 § (g)(4).

32. Plaintiff was denied the firearm due to the provision of erroneous information relating to Plaintiff by the NICS system established under section 103 of the Brady Handgun Violence Prevention Act.

33. Plaintiff was not and is not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of 18 U.S.C. § 922.

34. In fact, Plaintiff is not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of 18 U.S.C. 922 as a matter of federal law.  27 CFR 478.11 ("['Committed to a mental institution'] does not include a person in a mental institution for observation or a voluntary admission to a mental institution.").

35. Plaintiff therefore seeks an order directing that the erroneous information be corrected and that the transfer be approved as permitted under 18 U.S.C. 925A, and, pursuant to 18 U.S.C. 925A, seeks his reasonable attorney fees and costs.

36. Plaintiff further seeks such relief pursuant to 28 CFR 25.10.

<u>COUNT II – Declaratory and Injunctive Relief (Constitutional Violations – Second and Fifth Amendments)</u>

37. Plaintiff reincorporates the foregoing paragraphs as if fully written herein.

38. The actions complained of herein, have not afforded the Plaintiff due process, including the right to be heard in a timely manner and in a timely fashion as to his records, and thus violate the Fifth Amendment of the United States Constitution.

39. The actions complained of herein, which have and continue to have the ability of denying the Plaintiff access to firearms, for which he is lawfully able to bear and carry, including for purposes of personal defense and defense of the home, thus violate the Second Amendment of the United States Constitution. Even if Plaintiff's prior mental health commitment was involuntary, binding case law in this Circuit make clear that the prohibition cannot stand under the Second Amendment. *Tyler v. Hillsdale Cnty. Sheriff's Dep't*, 837 F.3d 678 (6th Cir. 2016). Moreover, there is no history or tradition of disqualifying persons such as the Plaintiff from being able to own, possess, and bear firearms for purposes of home and self-defense. *New York State Rifle & Pistol Ass'n, v. Bruen*, 597 U.S. 1 (2022). Thus, the prevention by Defendants of Plaintiff's ability to possess and bear firearms is contrary to the Second Amendment.

40. Plaintiff therefore seeks declaratory relief and injunctive relief, pursuant to 28 U.S.C. 2201 and 2202, and/or 5 U.S.C. § 702, that Defendants have and continue to violate the Fifth and Second Amendment rights of the Plaintiff and to cease such violations.

41. Plaintiff further states that, pursuant to 28 U.S.C. 2412, that Plaintiff is a "party" as defined in 28 U.S.C. 2412(d)(2)(B), that the position of Defendants is not substantially justified, and that Plaintiff is therefore entitled to his reasonable attorney fees and costs for this action.

<u>COUNT III – Privacy Act (5 USC 552a)</u>

42. Plaintiff reincorporates the foregoing paragraphs as if fully written herein.

43. Plaintiff is an "individual" within the meaning of 5 U.S.C. 552a(a)(2).

44. Pursuant to 5 U.S.C. 552a(d)(3), Defendants have failed, to complete a review of Plaintiff's records and request for amendment within thirty days, have failed to make a final determination within that period, have failed to demonstrate good cause shown for any delay beyond that period as required by that section.

45. Pursuant to 5 U.S.C. 552a(d)(4), Defendants have permitted releases to be made that are not in compliance with that section, including reflecting the Plaintiff's disagreement with same.

46. Pursuant to 5 U.S.C. 552a(e)(1), Defendants have failed to maintain in their records information relating to the Plaintiff as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or by executive order of the President.

47. Pursuant to 5 U.S.C. 552a(e)(2), Defendants have failed to collect information to the greatest extent practicable directly from the Plaintiff when the information may result in adverse determinations about Plaintiff's rights, benefits, and privileges under Federal programs.

8

48. Pursuant to 5 U.S.C. 552a(e)(5), Defendants have failed to maintain all records which are used by the agency in making any determination about Plaintiff with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to Plaintiff in the determination.

49. Pursuant to 5 U.S.C. 552a(e)(6), prior to disseminating any record about Plaintiff to any person other than an agency, unless the dissemination is made pursuant to subsection (b)(2) of this section, make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes.

50. Pursuant to 5 U.S.C. 552a(e)(8), Defendants have failed to make reasonable efforts to serve notice on Plaintiff when any record on Plaintiff is made available to any person under compulsory legal process when such process becomes a matter of public record.

51. Pursuant to 5 U.S.C. 552a(g)(1)(A), (C), and (D), Plaintiff brings a civil action under that section, for, among other things, the relief set forth in 5 U.S.C. 552a(g)(2) , (4), and (5).

52. Plaintiff therefore seeks, pursuant to 5 U.S.C. 552a(g)(2), (4), and (5), the following relief: (i) amendment or expungement of records involving the Plaintiff and described herein under 5 U.S.C. 552a(g)(2); (ii) making a finding that the agency acted in a manner which was intentional or willful and award actual damages in the amount of not less than $1,000 pursuant to 5 U.S.C. 552a(g)(4); and (iii) awarding reasonable attorney fees and costs under 5 U.S.C. 552a(g)(2) and (4).

53. Plaintiff explicitly requests that this Court direct that any information related to the Plaintiff's voluntary treatment be completely expunged, given the repeat issues that the Plaintiff has suffered, and that injunctive relief be entered prohibiting any future false entries.

**WHEREFORE**, Plaintiff demands:

    A.  Judgment against Defendants, as prayed for within the foregoing Complaint, including directives for record correction and expungement, directives that firearm transfers be permitted, and declaratory and injunctive relief, to remove any records that are preventing Plaintiff's firearm purchase, and injunctive relief preventing the Plaintiff from being investigated or prosecuted for his past mental health treatment; and

    B.  That Plaintiff be awarded damages as set forth in 5 U.S.C. 552a(g)(4); and

    C.  That Plaintiff be awarded his reasonable attorney fees and for the costs of this action; and

    D.  That Plaintiff be awarded damages as prayed for; and

    E.  Such other relief as this Court may find just and proper.

                        Respectfully submitted,

                    /s/Theodore J. Roberts
                    Christopher Wiest (KBA 90725)
                    Theodore J. Roberts (KBA 100610)
                    Chris Wiest, Attorney at Law, PLLC
                    50 E. Rivercenter Blvd, Ste. 1280
                    Covington, KY 41011
                    (513) 257-1895
                    (859) 495-0803 (fax)
                    chris@cwiestlaw.com
                    *Attorneys for Plaintiff*

## **VERIFICATION**

I, Matthew Mach, pursuant to 28 U.S.C. 1746, declare under penalty of perjury that I have reviewed the foregoing Complaint, that I am competent to testify in this matter, that the facts contained therein, are true and correct, and are based on information personally known and observed by me.

Executed on _6/10/2024_.


_Matthew A Mach_
Matthew Mach

11