**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY DISTRICT
NORTHERN DIVISION AT COVINGTON**

| | | |
|---|---|---|
| MATTHEW MACH | : | Case No. 2:24-cv-00098-DCR |
|    c/o Christopher Wiest, Esq | | |
|    50 E. Rivercenter Blvd, Ste. 1280 | : | |
|    Covington, KY 41011 | | |
| | : | |
| Plaintiff | | |
| | : | |
| v. | | |
| | : | |
| HON. MERRICK GARLAND | | |
| 950 Pennsylvania Avenue NW | : | |
| Washington DC 20530 | | |
| | : | |
| AND | | |
| | : | |
| HON. CHRISTOPHER WRAY | | |
| 935 Pennsylvania Avenue, NW | : | |
| Washington, D.C. 20535-0001 | | |
| | : | |
| AND | | |
| | : | |
| HON. STEVEN DETTELBACH | | |
| 99 New York Avenue, NE | : | |
| Washington, DC 20226 | | |
| | : | |
| AND | | |
| | : | |
| United States of America | | |
| c/o U.S. Attorney General and | : | |
| US Attorney's Office, KYED | | |
| | : | |
|    Defendants | | |

**<u>PLAINTIFFS AMENDED VERIFIED COMPLAINT FOR DECLARATORY,
INJUNCTIVE, AND ANCILLARY RELIEF</u>**

1. Plaintiff is a resident of Florence, Kentucky.

2. Defendant Merrick Garland is the United States Attorney General. He is sued in his official capacity, and is charged with, among other things, ensuring and overseeing that accurate

1

information is contained in the National Instant Criminal Background Check System ("NICS") pursuant to 34 U.S. Code § 40901(g), and generally oversees the prosecution of firearm offenses in the United States.

3. Defendant Christopher Wray is the current Director of the Federal Bureau of Investigations. He is sued in his official capacity only, and is the federal official responsible and charged with the day to day enforcement and administration of the NICS, which is at issue herein. *See* 28 C.F.R. 25.1, et. seq.

4. Defendant Christopher Wray is the current Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), which is charged under federal law and regulation with enforcement of firearm laws and regulations.

5. Defendant the United States of America, is the sovereign, and, as explained herein, is sued pursuant to United States Code for the relief sought herein.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction over the claims and causes of action asserted by Plaintiffs in this action is conferred on this Court pursuant to 5 U.S.C. § 552a(g)(1), 18 U.S.C. § 925A and 28 CFR 25.10(f), 28 U.S.C. §1331, 5 U.S.C. 702, et. seq., 28 U.S.C. §§ 2201 and 2202, and other applicable law.

7. Venue in this District and division is proper pursuant to 18 U.S. Code § 925A, 28 U.S.C. §1391(e)(1)(C), and other applicable law.

## FACTS

### Plaintiff's Mental Health Treatment, 2017

8. In mid-2017, Plaintiff Matthew Mach tragically, suddenly, and unexpectedly lost his grandfather, who was instrumental in Plaintiff's upbringing.

9. This sudden loss had a severe impact on Plaintiff, and led to a decline of Plaintiff's mental and emotional health.

10. On or about July 2017, Plaintiff Matthew Mach voluntarily checked himself in to St. Mary's Medical Center, located at 2900 1st Ave., Huntington, West Virginia 25702, out of concern for himself, his mental state at the time, and an abundance of caution for his mental and emotional health included his use of alcohol to cope with the loss.

11. After voluntarily submitting himself for examination, however, a staff member from St. Mary's filed an Application for examination with the Cabel County Circuit Clerk, for court ordered examination.

12. Reports indicate that he had checked in for voluntary inpatient treatment, but staff at St. Mary's "couldn't find a voluntary bed," prompting the filing for examination, and a request for further evaluation under W.V. Code § 27-5-3, which is for a probable cause hearing. Specifically, W.V. Code § 27-5-3 specifically provides that the purpose of any such probable cause finding is not a determination of mental illness, but instead is merely for examination and observation.

13. On July 18, 2012, the court ordered Mr. Mach to be examined pursuant to W.V. Code § 27-5-3. Under that section, no person may generally be held involuntarily more than three days without certifications and other requirements.

14. Plaintiff was transferred to Highlands Hospital, located at 300 56th St. SE, Charleston, WV 25304, where he elected to receive mental health treatment, where he sought and obtained treatment.

15. No final or formal commitment proceedings were instituted against Mr. Mach, as provided in W.V. Code §27-5-4.

16. Indeed, no final or formal hearing or commitment hearing was held with respect to Mr. Mach, where he was permitted to be represented by counsel, to cross-examine witnesses, where an evidentiary standard of proof of applied, and where other hallmarks of a formal proceeding were held. Instead, the legal proceedings against him were dismissed a few months later, after the probable cause order for evaluation.

17. Moreover, 27 C.F.R. 478.11 provides the following definition of "Committed to a mental institution:" "A formal commitment of a person to a mental institution by a court, board, commission, or other lawful authority. The term includes a commitment to a mental institution involuntarily. The term includes commitment for mental defectiveness or mental illness. It also includes commitments for other reasons, such as for drug use. The term does not include a person in a mental institution for observation or a voluntary admission to a mental institution."

18. Furthermore, the Bureau of Alcohol, Tobacco, Firearms, and Explosives's (ATF) own guidance on 18 U.S.C. 922(g)(4) makes clear that the term "committed to a mental institution ... does not include a person in a mental institution **for observation** or by voluntary admission."[1]

19. Federal courts in West Virginia, construing West Virginia's statutory regime, have held that probable cause hearings and determinations under W.V. Code § 27-5-3 do not satisfy the requirements of 18 U.S.C. 922(g)(4) (while formal proceedings that result in an adjudication do). *Shepherd v. Garland*, 2022 U.S. Dist. LEXIS 60465 (WVND 2022). And other courts in this circuit are in accord with this holding. *United States v. McMichael*, 350 F. Supp. 3d 647 (WDMI 2018) (concluding that formal commitment hearings and

---

[1] https://www.atf.gov/file/58791/download (emphasis added)

adjudications are necessary to trigger a (g)(4) disqualification, in part to avoid Second Amendment and Due Process concerns).

20. For the avoidance of all doubt, Plaintiff voluntarily sought mental health care and was never committed to a mental institution as a matter of federal law.  27 CFR 478.11 ("['Committed to a mental institution'] does not include a person in a mental institution for observation or a voluntary admission to a mental institution."); 18 U.S.C. 922(g)(4) (applying a prohibitor to someone "(4)who has been *adjudicated* as a mental defective or who has been *committed* to a mental institution;"); *Tyler v. Hillsdale Cnty. Sheriff's Dep't*, 837 F.3d 678, 681-682 (6th Cir. 2016) (en banc) (the prohibitor only applies to those "who are involuntarily committed by an appropriate judicial authority following due process safeguards").

21. About a week after Plaintiff sought mental healthcare, in either late July or early August 2017, Plaintiff was discharged from Highlands Hospital with a clean bill of health, with the crisis averted.  Since leaving Highlands Hospital, has not had a mental health crisis and has a clean bill of health, but continued to seek therapy as needed through the end of 2017**.**

22. Plaintiff presently poses no threat to himself or others, is not currently mentally ill, has no intention of harming himself or others, and any issues of mental distress were completely and satisfactorily resolved in 2017, approximately seven years ago.

23. Plaintiff has had no need for further mental health treatment since, and since 2017, has no mental health issues, and since 2019 has given up the use of alcohol in his life.

Plaintiff's firearm matters

24. On or about January 26, 2024, the Plaintiff attempted to purchase a firearm, and had his background checked via the National Instant Criminal Background Check System ("NICS").

25. NICS returned a "denial," preventing Plaintiff from purchasing a firearm.

26. On or about January 26, 2024, Plaintiff received information from his FFL on the process to appeal his denial. NICS Denial Information, **Exhibit A** to original complaint, at Doc. 1-6, incorporated by reference herein.

27. Plaintiff wishes to purchase a firearm at present, and, but for the NICS denial, which remains of record with the FBI, would purchase a firearm and then keep and bear that firearm for purposes of home and self-defense.

28. On or about January 31, 2024, Plaintiff took action to discern the reasoning for the determination of the denial and appeal the denial, and submitted a Request for or Challenge the Reason(s) for Firearm-Related Denial, and provided the NICS Transaction Number (NTN), making clear that this was a denial of a firearm purchase, not a denial of a concealed carry weapon. *See, also*, 28 C.F.R. Part 25.9-10 and 34 U.S. Code § 40901(g).

29. On February 1, 2024, the Attorney General, acting through the U.S. Department of Justice, and in violation of 34 U.S. Code § 40901(g), responded to Plaintiff's Request for or Challenge the Reason(s) for Firearm-Related Denial, indicating "the FBI's Criminal Justice Information Services Division does not provide the reason(s) for delays/denials or process challenges regarding permits issued by state or local agencies that use the National Instant Criminal Background Check System (NICS) for firearm-related permit purposes." See First Response, **Exhibit B** to original complaint, at Doc. 1-7, incorporated by reference herein..

30. For the avoidance of all doubt, Plaintiff did not apply for a permit, but rather attempted to purchase a firearm, and the NICS system for his background check for the firearm purchase.

31. On or about June 6, 2024, Plaintiff, in an attempt to correct the Department of Justice's record, once again once again took action to appeal the denial, and submitted another Request for or Challenge the Reason(s) for Firearm-Related Denial, and provided the NICS Transaction Number (NTN), making clear that this was a denial of a firearm purchase, not a denial of a concealed carry weapon and sought to have his records corrected under 5 § U.S.C. 552a.  *See, also*, 28 C.F.R. Part 25.9-10 and 34 U.S. Code § 40901(g).

32. On June 7, 2024, the Attorney General, acting through the U.S. Department of Justice, and in violation of 34 U.S. Code § 40901(g), responded to Plaintiff's Request for or Challenge the Reason(s) for Firearm-Related Denial, indicating "Please be advised that the NTN and/or STN you provided is/are not valid, or has been purged due to exceeding our retention requirement of 88 days."  See Second Response, **Exhibit C** to original complaint, at Doc. 1-8, incorporated by reference herein.

33. The Attorney General, acting through the U.S. Department of Justice, purged the record of Plaintiff's denial after 88 days had passed after denial and refused to correct his erroneous record.

34. As a consequence of this process, and upon information and belief, a state or local government entity and/or the Federal Bureau of Investigations likely have entered information into NICS and other database(s), incorrectly reflecting that Plaintiff is not qualified to possess or purchase a firearm.

35. Plaintiff intends to possess firearms, but fears prosecution from the Defendants in this action, including for the erroneous records that he seeks correction of, necessitating this action.

36. However, as of the filing of this Complaint, due to the misfeasance and malfeasance of the Defendants, multiple records within the state law enforcement systems and NICS remain erroneous and false.

37. For the avoidance of all doubt, Plaintiff suffers no disqualification under 18 U.S.C. § 922(g) or (n).

## CLAIMS FOR RELIEF

### COUNT I – Illegal Firearm Denial (18 USC 925A; 28 CFR 25.10)

38. Plaintiff reincorporates the foregoing paragraphs as if fully written herein.

39. Upon information and belief, Plaintiff was denied a firearm on January 26, 2024, purportedly pursuant to 18 U.S.C. 922 § (g)(4).

40. Plaintiff was denied the firearm due to the provision of erroneous information relating to Plaintiff by the NICS system established under section 103 of the Brady Handgun Violence Prevention Act.

41. Plaintiff was not and is not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of 18 U.S.C. § 922.

42. In fact, Plaintiff is not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of 18 U.S.C. 922 as a matter of federal law.  27 CFR 478.11.

43. Plaintiff therefore seeks an order directing that the erroneous information be corrected and that the transfer be approved as permitted under 18 U.S.C. 925A, and, pursuant to 18 U.S.C. 925A, seeks his reasonable attorney fees and costs.

44. Plaintiff further seeks such relief pursuant to 28 CFR 25.10.

<u>COUNT II – Declaratory and Injunctive Relief (Constitutional Violations – Second and Fifth Amendments – As Applied Challenges)</u>

45. Plaintiff reincorporates the foregoing paragraphs as if fully written herein.

46. The actions complained of herein, have not afforded the Plaintiff due process, including the right to be heard in a timely manner and in a timely fashion, as to both the proceedings at issue to the extent that the West Virginia proceedings act as a disqualifier, and as to correction of any records that suggest he is disqualified by Defendants, his rights have been violated under the Due Process Clause of the Fifth Amendment of the United States Constitution.

47. By way of example, and not limitation, Plaintiff was not afforded in the state probable cause proceedings advance notice with the opportunity to prepare to meet any allegations against him, was not afforded discovery and the ability to prepare to defend himself, the proceedings here were instituted by laypersons, and were not supported by the testimony of qualified persons, to include licensed psychologists or psychiatrists, he was not afforded the right to counsel and the ability to consult with that counsel (though it appears that a public defender was nominally appointed, that counsel never consulted with Mr. Mach nor was that individual involved, per his own billing records, until just before the probable cause hearing), nor was Mr. Mach even present or permitted to be present to confront his accusers at that probable cause hearing, and the order here was issued on probable cause, rather than even a preponderance of the evidence standard (much less a clear and convincing evidence standard). Said another way, there is no adequate safeguards in proceedings under W.V. Code § 27-5-3 (as there is for formal proceedings under W.V. Code § 27-5-4), to satisfy the requirements of Due Process.

48. The actions complained of herein, which have and continue to have the ability of denying the Plaintiff access to firearms, for which he is lawfully able to bear and carry, including for purposes of personal defense and defense of the home, thus violate the Second Amendment of the United States Constitution.

49. Even if Plaintiff's prior mental health commitment was somehow an involuntary commitment sufficient to trigger a 18 U.S.C. § 922(g)(4) disqualification, binding case law in this Circuit make clear that the prohibition cannot stand under the Second Amendment. *Tyler v. Hillsdale Cnty. Sheriff's Dep't*, 837 F.3d 678 (6th Cir. 2016).  There is a lack of historical pedigree to the 18 U.S.C. § 922(g)(4) disqualification (it was enacted in 1968, and there is no historical prohibition on gun ownership for the mentally ill.

50. Moreover, there is no history or tradition of disqualifying persons such as the Plaintiff from being able to own, possess, and bear firearms for purposes of home and self-defense. *New York State Rifle & Pistol Ass'n, v. Bruen*, 597 U.S. 1 (2022).  Thus, the prevention by Defendants of Plaintiff's ability to possess and bear firearms is contrary to the Second Amendment.

51. Plaintiff therefore seeks declaratory relief and injunctive relief, pursuant to 28 U.S.C. 2201 and 2202, and/or 5 U.S.C. § 702, that Defendants have and continue to violate the Fifth and Second Amendment rights of the Plaintiff and to cease such violations.

52. Plaintiff further states that, pursuant to 28 U.S.C. 2412, that Plaintiff is a "party" as defined in 28 U.S.C. 2412(d)(2)(B), that the position of Defendants is not substantially justified, and that Plaintiff is therefore entitled to his reasonable attorney fees and costs for this action.

## COUNT III –Privacy Act (5 USC 552a)

53. Plaintiff reincorporates the foregoing paragraphs as if fully written herein.

54. Plaintiff is an "individual" within the meaning of 5 U.S.C. 552a(a)(2).

55. Pursuant to 5 U.S.C. 552a(d)(3), Defendants have failed, to complete a review of Plaintiff's records and request for amendment within thirty days, have failed to make a final determination within that period, have failed to demonstrate good cause shown for any delay beyond that period as required by that section.

56. Pursuant to 5 U.S.C. 552a(d)(4), Defendants have permitted releases to be made that are not in compliance with that section, including reflecting the Plaintiff's disagreement with same.

57. Pursuant to 5 U.S.C. 552a(e)(1), Defendants have failed to maintain in their records information relating to the Plaintiff as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or by executive order of the President.

58. Pursuant to 5 U.S.C. 552a(e)(2), Defendants have failed to collect information to the greatest extent practicable directly from the Plaintiff when the information may result in adverse determinations about Plaintiff's rights, benefits, and privileges under Federal programs.

59. Pursuant to 5 U.S.C. 552a(e)(5), Defendants have failed to maintain all records which are used by the agency in making any determination about Plaintiff with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to Plaintiff in the determination.

60. Pursuant to 5 U.S.C. 552a(e)(6), prior to disseminating any record about Plaintiff to any person other than an agency, unless the dissemination is made pursuant to subsection (b)(2) of this section, make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes.

61. Pursuant to 5 U.S.C. 552a(e)(8), Defendants have failed to make reasonable efforts to serve notice on Plaintiff when any record on Plaintiff is made available to any person under compulsory legal process when such process becomes a matter of public record.

62. Pursuant to 5 U.S.C. 552a(g)(1)(A), (C), and (D), Plaintiff brings a civil action under that section, for, among other things, the relief set forth in 5 U.S.C. 552a(g)(2), (4), and (5).

63. Plaintiff therefore seeks, pursuant to 5 U.S.C. 552a(g)(2), (4), and (5), the following relief: (i) amendment or expungement of records involving the Plaintiff and described herein under 5 U.S.C. 552a(g)(2); (ii) making a finding that the agency acted in a manner which was intentional or willful and award actual damages in the amount of not less than $1,000 pursuant to 5 U.S.C. 552a(g)(4); and (iii) awarding reasonable attorney fees and costs under 5 U.S.C. 552a(g)(2) and (4).

64. Plaintiff explicitly requests that this Court direct that any information related to the Plaintiff's court ordered probable cause examination and subsequent voluntary treatment be completely expunged, given the repeat issues that the Plaintiff has suffered, and that injunctive relief be entered prohibiting any future false entries.

**WHEREFORE**, Plaintiff demands:

A. Judgment against Defendants, as prayed for within the foregoing Complaint, including directives for record correction and expungement, directives that firearm transfers be permitted, and declaratory and injunctive relief, to remove any records that are preventing Plaintiff's firearm purchase, and injunctive relief preventing the Plaintiff from being investigated or prosecuted for his past mental health treatment; and

B. That Plaintiff be awarded damages as set forth in 5 U.S.C. 552a(g)(4); and

C. That Plaintiff be awarded his reasonable attorney fees and for the costs of this action; and

D. That Plaintiff be awarded damages as prayed for; and

E. Such other relief as this Court may find just and proper.

>Respectfully submitted,
>
>/s/Christopher Wiest_____
>Christopher Wiest (KBA 90725)
>Theodore J. Roberts (KBA 100610)
>Chris Wiest, Attorney at Law, PLLC
>50 E. Rivercenter Blvd, Ste. 1280
>Covington, KY 41011
>(513) 257-1895
>(859) 495-0803 (fax)
>chris@cwiestlaw.com
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all Counsel of record, this 1 day of October, 2024.

>/s/Christopher Wiest_____
>Christopher Wiest (KBA 90725)

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Matthew Mach, declare under penalty of perjury that I have read the foregoing Verified Amended Complaint, and state that the factual statements therein are true and accurate to the best of my knowledge.

Executed on October 1, 2024.

Signed by:
*Matthew Mach*
E1F1E9ADAE5A46A...