IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY – at COVINGTON

| | | |
|---|---|---|
| **Matthew Mach** | : | Case No. 2:24-cv-0098-DCR |
| **PLAINTIFF** | : | |
| v. | : | |
| **MERICK GARLAND, et. al.** | : | |
| **DEFENDANTS** | : | |

## PLAINTIFF'S MOTION TO UNSEAL

The Defendants, through Counsel, moved to seal certain materials in this matter, specifically, the Plaintiff's West Virginia court records. That motion was unopposed. *Id.* However, what happened to the Plaintiff in the West Virginia Courts, including the mental health crisis that prompted it and was resolved, is already the subject of public disclosure in both the original Complaint (Doc. 1), and the Amended Complaint (Doc. 8). And in this Circuit, sealing activities are subject to the rigorous requirements of *Shane Group, Inc. v. BlueCross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). As the Sixth Circuit articulated in *Shane Group*, 825 F.3d 299, 305-306:

> "At the adjudication stage, however, very different considerations apply." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. *Baxter*, 297 F.3d at 545. Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). That interest rests on several grounds. Sometimes, the public's interest is focused primarily upon the litigation's result—whether a right does or does not exist, or a statute is or is not constitutional. In other cases—including "antitrust" cases, *id.* at 1179—the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id.* And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Id.* at 1181; *see also, e.g., Baxter*, 297 F.3d at 546.

1

The courts have long recognized, therefore, a "strong presumption in favor of openness" as to court records. *Brown & Williamson*, 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *See Brown & Williamson*, 710 F.2d at 1179. For example, in class actions—where by definition "some members of the public are also parties to the [case]"—the standards for denying public access to the record "should be applied . . . with particular strictness." *Cendant*, 260 F.3d at 194. And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

Plaintiff has analyzed West Virginia law, and acknowledges, generally, the privacy of the records at issue under West Virginia law. See W.V. Code § 27-3-1. For its part, the Government has indicated that "the public's interest is outweighed by the Plaintiff's right to keep information about his health private." Plaintiff's Complaint and Amended Complaint described the sum and substance of the mental health issues. (Doc. 1 and Doc. 8). And Plaintiff recognizes that he did not oppose the Government Defendants' request to seal. Part of that was because the records contain certain personal identifying information (i.e. Plaintiff's date of birth). But that PII information can be redacted and the rest of the document filed.

The Court may be curious as to why the Plaintiff would want these records unsealed. On reflection, Plaintiff recognizes the reality that those records and their contents cannot be divorced from the substance of this case, which questions whether the United States Government is violating statutory and constitutional law. And those issues, in this case involving firearm rights, is of high public interest.

2

For these reasons, Plaintiff moves that Defendants' Motion to Dismiss (Doc. 12), Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Doc. 13), Defendant's Reply in Support of Defendants' Motion to Dismiss (Doc. 18), and this Court's Memorandum Opinion and Order, denying Defendants' Motion to Dismiss (Doc. 20) be unsealed.  Plaintiff further stipulates to the remaining pleadings in this case not be filed under seal so long as Plaintiff's Personal Identifying Information (PII) is redacted.

> Respectfully submitted,
> /s/Theodore J. Roberts_____
> Christopher Wiest (KBA 90725)
> Theodore J. Roberts (KBA 100610)
> Chris Wiest, Attorney at Law, PLLC
> 50 E. Rivercenter Blvd, Ste. 1280
> Covington, KY 41011
> (513) 257-1895
> (859) 495-0803 (fax)
> chris@cwiestlaw.com
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all Counsel of record, this 30th day of January, 2025.

> /s/Theodore J. Roberts_____
> Theodore J. Roberts (KBA 100610)